UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY M. POSADA,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　CASE NO. 6:94-cr-132-Orl-19

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

Petitioner filed a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651 (Doc. No. 447, filed July 3, 2006), asserting that the counts with which he was charged were based on legally inadequate theories contrary to established law as set forth by the Eleventh Circuit Court of Appeals and the United States Supreme Court, resulting in an illegal conviction.

*Procedural History*

Petitioner and two other persons were charged in a seventy-five count indictment with conspiracy, bank fraud, possession and utterance of counterfeit checks, and money laundering (Doc. No. 1, filed September 22, 1994). Petitioner was charged in counts one through twenty-nine and thirty-three through seventy-five.

A jury trial was conducted, at the conclusion of which Petitioner moved for a judgment of acquittal as to all counts. The Court granted the motion as to count seventy-

five, but denied the motion as to the remaining counts. The jury found Petitioner guilty of counts one through twenty-nine and thirty-three through seventy-four of the indictment. Subsequently, the Court entered a Judgment in a Criminal Case, adjudicating Petitioner guilty of the counts as found by the jury. The counts included:

1) One count of conspiracy to commit bank fraud, to utter and possess counterfeit and forged securities, and to engage in monetary transactions in property derived from specified unlawful activity (count 1);

2) Twenty-three counts of bank fraud (counts 2 through 6, 12 through 14, 21 through 23, 33 through 35, 52 through 55, 66 through 68 , and 72 through 73);

3) Twenty-two counts of uttering and possession of counterfeit and forged securities (counts 7 through 11, 15 through 17, 24 through 26, 36 through 38, 56 through 59, 69 through 71, and 74); and

4) Twenty-five counts of engaging in monetary transactions in property derived from specified unlawful activity (counts 18 through 20, 27 through 29, 39 through 51, and 60 through 65).

(Doc. No. 158, filed April 27, 1995). The Court sentenced Petitioner to a 105-month term of imprisonment, to run concurrently to a sentence previously imposed by the United States District Court for the Southern District of Florida.

Petitioner filed a direct appeal to the Eleventh Circuit Court of Appeals, which affirmed *per curiam*. *See* Doc. No. 222, filed June 6, 1997. Thereafter, Petitioner filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 (Doc. No. 227), which the Court denied. (*See* Doc. No. 271, filed July 31, 1998). Petitioner filed a motion for certificate of appealabilty with the Eleventh Circuit Court of Appeals, which was

denied. (Doc. No. 329, filed July 19, 1999).[1]

Petitioner served his sentence and is no longer in custody.

*Petitioner's Claims*

Petitioner asserts nine challenges, which he classifies as jurisdictional in nature, to his conviction: 1) the indictment violated the Ex Post Facto Clause of the United States Constitution because the charge of conspiracy in count one was not a criminal offense at the time the acts underlying the offense were committed; 2) the counterfeit checks considered by the Grand Jury were registered to foreign financial institutions, and thus, not capable of supporting charges pursuant to 18 U.S.C. § 513(a)(4); 3) the banks from which the counterfeited checks were drawn were not federally insured banks, preventing application of 18 U.S.C. § 1344; 4) the charge of violations of 18 U.S.C. § 1957 in the indictment was not a completed offense at the time Petitioner engaged in monetary transactions; 5) the jury instructions as to count one altered the indictment, allowing the jury to return a guilty verdict for a crime not charged; 6) the Court effectively convicted Petitioner of violating 18 U.S.C. § 480, an offense that was not charged by the Grand Jury; 7) the Court effectively convicted Petitioner, without subject matter jurisdiction, of violating 18 U.S.C. § 1344; 8) the jury found Petitioner guilty of an uncompleted act because the checks were never

---

[1] Subsequent to the Court's ruling on Petitioner's section 2255 motion, Petitioner filed multiple motions, including a Motion for Relief from Judgment Pursuant to Rule 60(b)(4)(6) (Doc. No. 404) and successive section 2255 motions, all of which the Court denied. *See, e.g.*, Civil Case No. 6:00-cv-407-Orl-19, Doc. No. 2, filed June 19, 2000.

cashed; and 9) Petitioner received ineffective assistance of counsel resulting in a violation of the Sixth Amendment.

"In criminal matters, '[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice.'" *Bonadonna v. Unknown Defendant*, 2006 WL 1374470, *2 n.2 (11th Cir. 2006) (*quoting United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). A writ of error coram nobis may be issued only when 1) "there is and was no other available avenue of relief," and 2) "'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (*quoting Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir 1989)). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

In the instant case, Petitioner could have raised all of the challenges he raises in his petition for writ of error coram nobis in either his direct appeal or his motion to vacate pursuant to 28 U.S.C. § 2255. Moreover, Petitioner did attack the sufficiency of the indictment in his first section 2255 motion, and the Court determined that he failed "to demonstrate that the indictment was in any manner deficient . . . ." (Doc. No. 271 at 4.) Likewise, Petitioner raised various claims of

ineffective assistance of counsel, one of which was that counsel was ineffective for failing to object to the jury instructions which amended the indictment. With respect to this argument, the Court concluded that "counsel did not have a viable objection to the jury instructions . . . ." *Id.* at 10. Therefore, Petitioner raised similar, if not identical, claims in his section 2255 motion as claims one, four, five, and nine raised in the instant petition. Furthermore, even if these claims are not identical, it is clear that they, along with the remaining claims, could have been raised in Petitioner's earlier proceedings. Accordingly, Petitioner has not established either 1) that there is and was no other available avenue of relief available to him or 2) that the alleged errors involve facts which were not put in issue or passed upon and which rendered the proceeding itself irregular and invalid.

Petitioner attempts to circumvent these procedural hurdles by alleging that his claims are jurisdictional in nature. "A genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for coram nobis relief as a matter of law." *Alikhani*, 200 F.3d at 734.

Subject-matter jurisdiction defines the authority of courts to hear a particular type of case. *Id.* Congress has given the district courts jurisdiction over all offenses in violation of the laws of the United States exclusive to the jurisdiction of state courts. *Id.* (*citing* 18 U.S.C. § 3231). Therefore, "an indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment." *McCoy v.*

*United States*, 266 F.3d 1245, 1252 (11th Cir. 2001). However, the charge asserted in the indictment must be a cognizable offense. *See United States v. Peter*, 310 F.3d 709, 715 (11th Cir. 2002) (holding that the violation of 18 U.S.C. § 1341 charged in the information did not constitute a cognizable offense because the act underlying the charge was not a crime); *see also United States v. Tomeny*, 144 F.3d 749 (11th Cir. 1998) (holding that a charge made pursuant to a preempted statute fails to assert a cognizable offense).

A review of the indictment in the instant case establishes that Petitioner was charged with violations of the laws of the United States, all of which are cognizable offenses. Petitioner was charged, pursuant to 18 U.S.C. § 371, with conspiring (a) to commit bank fraud in violation of 18 U.S.C. § 1344; (b) to possess and utter counterfeit and forged securities in violation of 18 U.S.C. § 513; and (c) to engage in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. Petitioner was likewise charged with multiple counts of violating 18 U.S.C. §§ 513, 1344, and 1957.

Contrary to Petitioner's assertion in support of claim one, at the time he was charged by indictment on September 22, 1994, to establish a conspiracy in violation of 18 U.S.C. § 371, the Government was not required to allege or prove that the United States or one of its agencies was the intended victim. *See United States v. Falcone*, 960 F.2d 988, 990 (11th Cir. 1992). Furthermore, "[t]he scope of a conspiracy is that charged in the indictment." *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir.

1989) (*citing United States v. Dynalectric Co.*, 859 F.2d 1559, 1564 (11th Cir. 1988)). The indictment charged Petitioner with conspiring to violate 18 U.S.C. §§ 513, 1344, and 1957, and detailed how the statutes were violated. As such, count one of the indictment charged a cognizable offense pursuant to 18 U.S.C. § 371.

With respect to the counts in the indictment charging violations of 18 U.S.C. §§ 513, 1344, and 1957, Petitioner offers a variety of arguments as to why these counts are not cognizable offenses. To the extent that Petitioner asserts in claims two through eight that the indictment failed to allege the requisite elements of these offenses, that the jury instructions were improper or misled the jury as to the elements of the offenses, or that insufficient evidence was presented to allow the jury to conclude that Petitioner committed such offenses, these arguments are unavailing. Although Petitioner attempts to classify these claims as jurisdictional in nature, they are actually claims based on the sufficiency of the evidence and claims that the jury was improperly instructed. *See United States v. Drobny*, 955 F.2d 990, 997 (5th Cir. 1992) (noting that assertion that the district court lacked jurisdiction because the Government failed to prove an essential element of the crime was not actually a jurisdictional claim, but a sufficiency of the evidence claim and a claim that the jury was improperly charged); *see also McCoy*, 266 F.3d at 1249 (stating that "[a] jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'"). As such, these claims do not allege errors of such fundamental character as to warrant coram nobis relief. *See, e.g., United States v. Vogel,* 2006 WL

1074899, *3 (D.S.C. 2006) (holding that the petitioner's argument that the indictment was constitutionally invalid and defective failed to allege an error of such fundamental character as to warrant corram nobis relief).

Even assuming that these claims do allege an error of fundamental character, Petitioner has failed to establish the validity of these claims.  First, the indictment contains sufficient detail as to how each of the charged counts of these statutes were committed and alleges sufficient facts as to the requisite elements of the offenses. (*See* Doc. 1 at 1-41.)  Furthermore, contrary to Petitioner's assertions, the jury instructions adequately instructed the jury as to the elements of these offenses and the requisite findings that must be made by the jury in order to return a verdict of guilty on the various counts.  *See* Doc. No. 123 at 13-20.  Additionally, the record establishes that the jury was presented with sufficient evidence from which it could determine that Petitioner violated the statutes.

Finally, Petitioner asserts that he received ineffective assistance of counsel during all stages of the proceedings based on counsel's failure to raise claims one through eight of the instant petition.  As noted *supra*, Petitioner raised numerous claims of ineffective assistance of counsel in his section 2255 motion, all of which the Court found to be non-meritorious.  *See* Doc. No. 271 at 3-13.  All of the claims of ineffective assistance of counsel asserted in the instant petition could have been raised in Petitioner's section 2255 motion, and Petitioner has not offered any sound reason for failing to seek relief on these claims earlier.  Therefore, Petitioner is not

8

entitled to coram nobis relief based on any of the ineffective assistance of counsel claims asserted in his petition.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** that the petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651 (Doc. No. 447) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this _13th____ day of July, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 7/13
Anthony M. Posada
Counsel of Record